**CRM**
**2007**

2 2 9 4 6

Magistrate Case No.
07-483-M-01

RECEIVED

OCT - 2 2007

SUPERIOR COURT

FILED

OCT - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**2007 FDC 022946**    File Date **09/29/2007**

**UNITED STATES vs. KRISSANDRA MELISSA MOORE**

aka **KRISSANDRA MELISSA MOORE**

PDID # **598325**

Lock up number **42**

L-42

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
### FORM FOR U.S. DISTRICT COURT CASES

UNITED STATES                                TOT
No._____

   Vs.                                  P.D.I.D. No. _598 - 325_

_KRISSANDRA MOORE_ (Defendant)

☑ This is a Federal case which is pending in the U.S. District Court for the District of Columbia

and is, therefore, transferred over to the United States District Court for the District of

Columbia  for the next court date of: _____.

### COMMITMENT/RELEASE

☑ **NO BOND**
☐ **BOND $**_____

Defendant to be delivered for presentment in U.S.D.C. for the District of Columbia

Next Court Date: _____10/11/07    at district court_____

☐ Released on Personal Recognizance to report to the  E. Barrett Prettyman U.S. Courthouse,

333 Constitution Avenue, N.W. on:_____.

DEFENSE COUNSEL APPOINTED FOR PRESENTMENT IN SUPERIOR COURT ONLY:

    Name:_____

    Address:_____

    Telephone No._____

DEFENDANT'S NAME:_____--

Address:_____

_____ Telephone No._____

DEFENDANT'S SIGNATURE:_____

DATE: _9/29/07_____            _____
                                      **JUDICIAL OFFICER PRESIDING**

   white-court            yellow-usao                Pink-defense

CD-3026/Mar. 03

*C-42*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION
### FORM FOR U.S. DISTRICT COURT CASES

UNITED STATES                                    TOT
No._____

    Vs.                                      P.D.I.D. No. **598 - 325**

*KRISSANDRA MOORE* (Defendant)

☑ This is a Federal case which is pending in the U.S. District Court for the District of Columbia

and is, therefore, transferred over to the United States District Court for the District of

Columbia for the next court date of: _____.

### COMMITMENT/RELEASE

☑ **NO BOND**
☐ BOND $_____

Defendant to be delivered for presentment in U.S.D.C. for the District of Columbia

Next Court Date: *10/1/07 at district court*

☐ Released on Personal Recognizance to report to the E. Barrett Prettyman U.S. Courthouse,

333 Constitution Avenue, N.W. on:_____.

DEFENSE COUNSEL APPOINTED FOR PRESENTMENT IN SUPERIOR COURT ONLY:

    Name:_____

    Address:_____

    Telephone No._____

DEFENDANT'S NAME:_____--

Address:_____

_____ Telephone No._____

DEFENDANT'S SIGNATURE:_____

DATE: *9/29/07* _____    _____
                                     JUDICIAL OFFICER PRESIDING

    white-court        yellow-usao         Pink-defense

CD-3026/Mar. 03

42

## D. C. PRETRIAL SERVICES AGENCY
### Pretrial Services Report

### United States vs. KRISSANDRA MELISSA MOORE

PDID: 598325

**Lockup #:  042**

**File Date:** 09/29/2007                    **Docket Number:**
Lookup Date: 9/29/2007                       PSA Case #: 07272986
Date Prepared:    9/29/2007
Date Printed:     9/29/2007

**Charge(s)**

attempt Bank Robbery

**Comments:**    Today's record check was incomplete due to The Supervision & Management
Automated Record Tracking System (SMART) being down.

**Detention Eligibility and/or Administrative Procedures**

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(a)(1)(C) – Defendant on probation, parole, or supervised release.

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent
crime.

**Recommendations**

At this time, there are no conditions or combination of conditions that PSA can recommend
to assure community safety or appearance.

Comments:

At the time this case was papered, PSA did not have access to the US Marshall's cellblock. Therefore
PSA does not have personal information on the defendant's residence or employment.

**Criminal History**

**Last complete record check conducted on:**  04/25/2007

**Active Supervision Case(s)**

**File Date:** 4/25/2007                    **Docket Number:**  2007-DVM-000786

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Simple Assault | Confinement: 180 Days / Suspend: 175 Days / Probation: 12 Months / VVCCA: $50.00 | 6/12/2007 |

**Supervision Information**

**Type:**  Probation     **Supervision Jurisdiction:**  District of Columbia

**Supervising Officer:**

| Date Obtained | Start | End | Supervision Comments |
|---|---|---|---|
| | 6/12/2007 | | PSA was unable to obtain any information regarding this case due to The Supervision And Management Automated Record Tracking System(SMART) being inaccessible. |
| | | | PSA would defer to the Court in the matter of the Defendant's complaince with her probation. |

According to DC jail records, the defendant was released on 06/13/2007.

---

**Prior Conviction(s)**

**Arrest Date:** 05/22/2004

**Jurisdiction:**   Maryland
**City/County:**   Prince George's County
**Source:**        Court

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Theft under $500 | Time Served | 09/17/2004 |

The above information was obtained from Maryland District Court automated records for a person matching the defendant's name, race, sex, and date of birth. According to the Prince George's County Inmate Look-up Tool website, the defendant was released time served on 09/17/2004 by Judge Femia.

The above information was obtained from a previous PSA Investigation.

---

**Pretrial Services has no interview information.**

**Personal Background**

## Community Ties

**Place of Birth:** Washington, District of Columbia

**DC Area resident for:**      Life

**Total Time in Area:**     Life

**Marital Status:** Single

**Children:**    Yes                    **No. of Children:** 2

**Children living with Defendant:** 1

**Last Updated Date:**     09/29/2007

**Verified:** No

**Relatives Living With Defendant:**                **Relatives Not Living With Defendant:**

None                                None

## Address Information

**No address information is available.**

## Employment Information

**No employment information is available.**

## Education Information

**No education information is available.**

## Health Information

**No health information is available.**

## Substance Abuse Information

### Self Reported:

**No substance abuse information is available**

### Drug Test:

**Current Drug Use Indicated**

**Prepared By:  Nikki Taylor**                                            **Prepared Date: 9/29/2007**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION


UNITED STATES

VS.

### KRISSANDRA M. MOORE

The event occurred on 9/28/2007 at approximately 1415 hours at the Sun Trust Bank located at 1571 Alabama Avenue, S.E. in Washington, D.C.

Defendant entered the Sun Trust Bank at the above address and stood in the bank teller line for service. The defendant got out of line and exited the bank. Moments later, the defendant re-entered the bank and again stood in the teller line for services. The bank teller/witness rang a bell indicating that she was available to provide services for the next customer in line and the defendant waked up to the bank teller/witness. The defendant told the bank teller/witness that "If I don't give them what they want, they will kill my daughter," and told the witness to put the money in the bag or they are going to kill my daughter. The defendant retrieved a bag from her pocket and handed the bag to the bank teller/witness. The witness walked away from her teller area and told a co-worker what had happened. The co-worker used her cell phone to call bank security and activated the silent alarm.

Moments later, the Seventh District Patrol responded to the Sun Trust Bank and arrested the defendant. Bank Robbery Squad detectives interviewed the defendant and learned that the defendant had fabricated her story. Her daughter was in the custody of family and was not in danger.

**The events and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption.**

**Subscribed and sworn before me this 29 day of September, 2007**


| Anthony Johnson | D2332 | Robbery Task Force | Deputy Clerk |
|---|---|---|---|
| **Police Officer** | **Badge** | **District** | |

Page 1 of 1

Westlaw.

18 U.S.C.A. § 2113

▷

**Effective: November 02, 2002**

UNITED STATES CODE ANNOTATED
TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART I--CRIMES
CHAPTER 103--ROBBERY AND BURGLARY
→§ 2113. Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment provided in subsection (b) for the taker

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or shall be punished by death or life imprisonment.

*Dentered bank*
*w/ intent to*
*steal $*

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Page 3 of 3

Page 2

18 U.S.C.A. § 2113

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

(g) As used in this section the term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the National Credit Union Administration Board, and any "Federal Credit Union" as defined in section 2 of the Federal Credit Union Act. The term "State-chartered credit union" includes a credit union chartered under the laws of a State of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States.

(h) As used in this section, the term "savings and loan association" means--

(1) a Federal savings association or State savings association (as defined in section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b))) having accounts insured by the Federal Deposit Insurance Corporation; and

(2) a corporation described in section 3(b)(1)(C) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b)(1)(C)) that is operating under the laws of the United States.

Current through P.L. 110-83 approved 09-20-07

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov Works.

# Federal Rules of Criminal Procedure, Rule 5

United States Code Annotated <u>Currentness</u>

Federal Rules of Criminal Procedure for the United States District Courts <u>(Refs & Annos)</u>
⌐▣II. Preliminary Proceedings
➡**Rule 5. Initial Appearance**

**(a) In General.**

**(1) Appearance Upon an Arrest.**
**(A)** A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.
**(B)** A person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise.
**(2) Exceptions.**
**(A)** An officer making an arrest under a warrant issued upon a complaint charging solely a violation of <u>18 U.S.C. § 1073</u> need not comply with this rule if:
**(i)** the person arrested is transferred without unnecessary delay to the custody of appropriate state or local authorities in the district of arrest; and
**(ii)** an attorney for the government moves promptly, in the district where the warrant was issued, to dismiss the complaint.
**(B)** If a defendant is arrested for violating probation or supervised release, Rule 32.1 applies.
**(C)** If a defendant is arrested for failing to appear in another district, Rule 40 applies.
**(3) Appearance Upon a Summons.** When a defendant appears in response to a summons under Rule 4, a magistrate judge must proceed under Rule 5(d) or (e), as applicable.

**(b) Arrest Without a Warrant.** If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed.

**(c) Place of Initial Appearance; Transfer to Another District.**

**(1) Arrest in the District Where the Offense Was Allegedly Committed.** If the defendant is arrested in the district where the offense was allegedly committed:
**(A)** the initial appearance must be in that district; and

➡ **(B) if a magistrate judge is not reasonably available, the initial appearance may be before a state or local judicial officer.**

**(2) Arrest in a District Other Than Where the Offense Was Allegedly Committed.** If the defendant was arrested in a district other than where the offense was allegedly committed, the initial appearance must be:
**(A)** in the district of arrest; or
**(B)** in an adjacent district if:

1

(i) the appearance can occur more promptly there; or
(ii) the offense was allegedly committed there and the initial appearance will occur on the day of arrest.
**(3) Procedures in a District Other Than Where the Offense Was Allegedly Committed.** If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:
**(A)** the magistrate judge must inform the defendant about the provisions of Rule 20;
**(B)** if the defendant was arrested without a warrant, the district court where the offense was allegedly committed must first issue a warrant before the magistrate judge transfers the defendant to that district;
**(C)** the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;
**(D)** the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
(i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
(ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; and
**(E)** when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

**(d) Procedure in a Felony Case.**

**(1) Advice.** If the defendant is charged with a felony, the judge must inform the defendant of the following:
**(A)** the complaint against the defendant, and any affidavit filed with it;
**(B)** the defendant's right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel;
**(C)** the circumstances, if any, under which the defendant may secure pretrial release;
**(D)** any right to a preliminary hearing; and
**(E)** the defendant's right not to make a statement, and that any statement made may be used against the defendant.
**(2) Consulting with Counsel.** The judge must allow the defendant reasonable opportunity to consult with counsel.

➔ **(3) Detention or Release.** The judge must detain or release the defendant as provided by statute or these rules.

**(4) Plea.** A defendant may be asked to plead only under Rule 10.

**(e) Procedure in a Misdemeanor Case.** If the defendant is charged with a misdemeanor only, the judge must inform the defendant in accordance with Rule 58(b)(2).

**(f) Video Teleconferencing.** Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents.

CREDIT(S)
(As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 24, 1972, eff. Oct. 1, 1972; Apr. 28, 1982, eff. Aug. 1, 1982; Oct. 12, 1984, Pub.L. 98-473, Title II, § 209(a), 98 Stat. 1986; Mar. 9, 1987, eff. Aug. 1, 1987; May 1, 1990, eff. Dec. 1, 1990; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 27, 1995, eff. Dec. 1, 1995; Apr. 29, 2002, eff. Dec. 1, 2002; Apr. 12, 2006 eff. Dec. 1, 2006.)

# 18 U.S.C.A. § 3142

United States Code Annotated <u>Currentness</u>
Title 18. Crimes and Criminal Procedure <u>(Refs & Annos)</u>
ᴿ⊞<u>Part II.</u> Criminal Procedure
ᴿ⊞<u>Chapter 207.</u> Release and Detention Pending Judicial Proceedings <u>(Refs & Annos)</u>
⇒§ 3142. Release or detention of a defendant pending trial


**(a) In general.**--Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be--

**(1)** released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
**(2)** released on a condition or combination of conditions under subsection (c) of this section;
**(3)** temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
**(4)** detained under subsection (e) of this section.

**(b) Release on personal recognizance or unsecured appearance bond.**--The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (<u>42 U.S.C. 14135a</u>), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.


**(c) Release on conditions.--(1)** If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person--

**(A)** subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (<u>42 U.S.C. 14135a</u>); and
**(B)** subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person--
**(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
**(ii)** maintain employment, or, if unemployed, actively seek employment;
**(iii)** maintain or commence an educational program;
**(iv)** abide by specified restrictions on personal associations, place of abode, or travel;

3

**(v)** avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

**(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

**(vii)** comply with a specified curfew;

**(viii)** refrain from possessing a firearm, destructive device, or other dangerous weapon;

**(ix)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

**(x)** undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

**(xi)** execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

**(xii)** execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

**(xiii)** return to custody for specified hours following release for employment, schooling, or other limited purposes; and

**(xiv)** satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

**(2)** The judicial officer may not impose a financial condition that results in the pretrial detention of the person.

**(3)** The judicial officer may at any time amend the order to impose additional or different conditions of release.

**(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion.**--If the judicial officer determines that--

**(1)** such person--

**(A)** is, and was at the time the offense was committed, on--

**(i)** release pending trial for a felony under Federal, State, or local law;

**(ii)** release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

**(iii)** probation or parole for any offense under Federal, State, or local law; or

4

**(B)** is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
**(2)** such person may flee or pose a danger to any other person or the community;

such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, such person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence.

**(e) Detention.**--If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that--

**(1)** the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
**(2)** the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
**(3)** a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924(c), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

**(f) Detention hearing.**--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--

**(1)** upon motion of the attorney for the Government, in a case that involves--

5

## → **(A) a crime of violence**, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

**(B)** an offense for which the maximum sentence is life imprisonment or death;
**(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
**(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
**(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
**(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
**(A)** a serious risk that such person will flee; or
**(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
**(2)** the weight of the evidence against the person;
**(3)** the history and characteristics of the person, including--
**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

**(h) Contents of release order.**--In a release order issued under subsection (b) or (c) of this section, the judicial officer shall--

**(1)** include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and
**(2)** advise the person of--
**(A)** the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release;
**(B)** the consequences of violating a condition of release, including the immediate issuance of a warrant for the person's arrest; and
**(C)** sections 1503 of this title (relating to intimidation of witnesses, jurors, and officers of the court), 1510 (relating to obstruction of criminal investigations), 1512 (tampering with a witness, victim, or an informant), and 1513 (retaliating against a witness, victim, or an informant).

**(i) Contents of detention order.**--In a detention order issued under subsection (e) of this section, the judicial officer shall--

**(1)** include written findings of fact and a written statement of the reasons for the detention;
**(2)** direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
**(3)** direct that the person be afforded reasonable opportunity for private consultation with counsel; and
**(4)** direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the

7

extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

**(j) Presumption of innocence.**--Nothing in this section shall be construed as modifying or limiting the presumption of innocence.

CREDIT(S)

(Added Pub.L. 98-473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1976, and amended Pub.L. 99-646, §§ 55(a), (c), 72, Nov. 10, 1986, 100 Stat. 3607, 3617; Pub.L. 100-690, Title VII, § 7073, Nov. 18, 1988, 102 Stat. 4405; Pub.L. 101-647, Title X, § 1001(b), Title XXXVI, §§ 3622-3624, Nov. 29, 1990, 104 Stat. 4827, 4965; Pub.L. 104-132, Title VII, §§ 702(d), 729, Apr. 24, 1996, 110 Stat. 1294, 1302; Pub.L. 108-21, Title II, § 203, Apr. 30, 2003, 117 Stat. 660; Pub.L. 108-458, Title VI, § 6952, Dec. 17, 2004, 118 Stat. 3775; Pub.L. 109-162, Title X, § 1004(b), Jan. 5, 2006, 119 Stat. 3085; Pub.L. 109-248, Title II, § 216, July 27, 2006, 120 Stat. 617; Pub.L. 109-304, § 17(d)(7), Oct. 6, 2006, 120 Stat. 1707.)

# 18 U.S.C.A. § 16

United States Code Annotated Currentness

Title 18. Crimes and Criminal Procedure (Refs & Annos)
×🗈Part I. Crimes (Refs & Annos)
×🗈Chapter 1. General Provisions (Refs & Annos)
➡§ 16. Crime of violence defined

The term "crime of violence" means--

*no true there*

**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

CREDIT(S)

(Added Pub.L. 98-473, Title II, § 1001(a), Oct. 12, 1984, 98 Stat. 2136.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1984 Acts. House Report No. 98-1030 and House Conference Report No. 98- 1159, see 1984 U.S. Code Cong. and Adm. News, p. 3182.

18 U.S.C.A. § 16, 18 USCA § 16

Current through P.L. 110-83 approved 09-20-07

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.
END OF DOCUMENT

9

# 18 U.S.C.A. § 2113

United States Code Annotated Currentness

Title 18. Crimes and Criminal Procedure (Refs & Annos)
^⊞Part I. Crimes (Refs & Annos)
^⊞Chapter 103. Robbery and Burglary (Refs & Annos)
⇒§ 2113. Bank robbery and incidental crimes


**(a)** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.


**(b)** Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both.


**(c)** Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment provided in subsection (b) for the taker.


**(d)** Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

**(e)** Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

**(f)** As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

**(g)** As used in this section the term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the National Credit Union Administration Board, and any "Federal Credit Union" as defined in section 2 of the Federal Credit Union Act. The term "State-chartered credit union" includes a credit union chartered under the laws of a State of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States.

**(h)** As used in this section, the term "savings and loan association" means--

**(1)** a Federal savings association or State savings association (as defined in section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b))) having accounts insured by the Federal Deposit Insurance Corporation; and
**(2)** a corporation described in section 3(b)(1)(C) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b)(1)(C)) that is operating under the laws of the United States.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 796; Aug. 3, 1950, c. 516, 64 Stat. 394; Apr. 8, 1952, c. 164, 66 Stat. 46; Sept. 22, 1959, Pub.L. 86-354, § 2, 73 Stat. 639; Oct. 19, 1970, Pub.L. 91-468, § 8, 84 Stat. 1017; Oct. 12, 1984, Pub. L. 98-473, Title II, § 1106, 98 Stat. 2145; Nov. 10, 1986, Pub.L. 99-646, § 68, 100 Stat. 3616; Aug. 9, 1989, Pub.L. 101-73, Title IX, §§ 962(a)(7), (d), 103 Stat. 502, 503; Pub.L. 101-647, Title XXV, § 2597(l), Nov. 29, 1990, 104 Stat. 4911; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60003(a)(9), Title XXXII, § 320608, Title XXXIII, § 330016(1)(K), (L), 108 Stat. 1969, 2120, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, §§ 606(a), 607(d), 110 Stat. 3511; Nov. 2, 2002, Pub.L. 107-273, Div. B, Title IV, § 4002(d)(1)(C)(ii), 116 Stat. 1809.)

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

**UNITED STATES OF AMERICA**

**V.**

Krissandra M. Moore

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.   On or about ____September 28, 2007____ in ____Washington,__ District of __Columbia__ defendant(s) did, willfully and unlawfully and by force and violence, or intimidation, attempt to take from the person or presence of another, money belonging to and in the care, custody, control, management and possession of the Suntrust Bank located at 1571 Alabama Ave, SE, Washington, DC., the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

in violation of Title ___18__ United States Code, Section(s)__3142(f), Attempt Bank Robbery.

I further state that I am _Anthony Johnson, Detective II,_ and that this complaint is based on the following facts:

**See Attached Affidavit(Gerstein)**

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____
Signature of Complainant
Anthony Johnson, Detective II
MPD

Sworn to before me and subscribed in my presence,

____9/28/07_____          at        ___Washington, D.C.____
Date                                                          City and State

_____          _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

*42*

## D. C. PRETRIAL SERVICES AGENCY
### Pretrial Services Report

United States vs. KRISSANDRA MELISSA MOORE

PDID: 598325

**Lockup #: 042**

| | |
|---|---|
| **File Date:** 09/29/2007 | **Docket Number:** |
| Lockup Date: 9/29/2007 | PSA Case #: 07272986 |
| Date Prepared: 9/29/2007 | |
| Date Printed: 9/29/2007 | |

<u>**Charge(s)**</u>

*attempt* Bank Robbery

**Comments:**   Today's record check was incomplete due to The Supervision & Management
Automated Record Tracking System (SMART) being down.

**Detention Eligibility and/or Administrative Procedures**

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(a)(1)(C) – Defendant on probation, parole, or supervised release.

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent
crime.

**Recommendations**

At this time, there are no conditions or combination of conditions that PSA can recommend
to assure community safety or appearance.

Comments:

At the time this case was papered, PSA did not have access to the US Marshall's cellblock. Therefore
PSA does not have personal information on the defendant's residence or employment.

**Criminal History**

**Last complete record check conducted on:** 04/25/2007

<u>**Active Supervision Case(s)**</u>

**File Date:** 4/25/2007          **Docket Number:** 2007-DVM-000786

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Simple Assault | Confinement: 180 Days / Suspend: 175 Days / Probation: 12 Months / VVCCA: $50.00 | 6/12/2007 |

**Supervision Information**

**Type:** Probation

**Supervision Jurisdiction:** District of Columbia

**Supervising Officer:**

| Date Obtained | Start | End | Supervision Comments |
|---|---|---|---|
| | 6/12/2007 | | PSA was unable to obtain any information regarding this case due to The Supervision And Management Automated Record Tracking System(SMART) being inaccessible. |

PSA would defer to the Court in the matter of the Defendant's complaince with her probation.

According to DC jail records, the defendant was released on 06/13/2007.

---

**Prior Conviction(s)**

**Arrest Date:** 05/22/2004

**Jurisdiction:** Maryland
**City/County:** Prince George's County
**Source:** Court

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Theft under $500 | Time Served | 09/17/2004 |

The above information was obtained from Maryland District Court automated records for a person matching the defendant's name, race, sex, and date of birth. According to the Prince George's County Inmate Look-up Tool website, the defendant was released time served on 09/17/2004 by Judge Femia.

The above information was obtained from a previous PSA Investigation.

---

**Pretrial Services has no interview information.**

**Personal Background**

**Community Ties**

**Place of Birth:** Washington, District of Columbia

**DC Area resident for:**      Life

**Total Time in Area:**      Life

**Marital Status:** Single

**Children:**     Yes                    **No. of Children:** 2

**Children living with Defendant:** 1

**Last Updated Date:**      09/29/2007

**Verified:** No

**Relatives Living With Defendant:**           **Relatives Not Living With Defendant:**

None                                             None

**Address Information**

**No address information is available.**

**Employment Information**

**No employment information is available.**

**Education Information**

**No education information is available.**

**Health Information**

**No health information is available.**

**Substance Abuse Information**

**Self Reported:**

**No substance abuse information is available**

**Drug Test:**

**Current Drug Use Indicated**

**Prepared By: Nikki Taylor**                    **Prepared Date: 9/29/2007**