

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Bruce R Hegyi*
*Assistant United States Attorney*

*Criminal Division*
*Federal Major Crimes Section*

*555 Fourth St N.W.*
*Room 4848*
*Washington, D C. 20530*
*(202) 305-9637*
*(202) 353-9414 (fax)*
December 17, 2007

BY FAX and E-Mail
Shawn Moore, Esquire
Assistant Federal Pubic Defender
Federal Public Defender's Office
625 Indiana Ave,. N.W.
Suite 550
Washington, D.C. 20004

# FILED

## JAN - 7 2008

**Clerk, U.S. District and
Bankruptcy Courts**

Re:    Criminal No. 07-312 (JR), *United States v. Krissandra Melissa Moore*, United
States District Court for the District of Columbia

Dear Mr. Moore:

This letter sets forth the plea agreement ("Agreement") this Office is willing to enter into
with your client, **Krissandra Melissa Moore** ("Ms. Moore"). ***This offer expires on December
19, 2007 at 9:30 am.*** If Ms. Moore accepts the terms and conditions of this offer, please have
her execute this document in the space provided below and return it to us. Upon our receipt of
the executed document, this letter will become the Agreement. The terms of the Agreement are
as follows:

1.    **Charges.** Your client has been indicted in the District of Columbia by a District
Court grand jury in a three-count indictment that charges your client with Bank Robbery (by
Extortion), in violation of 18 U.S.C. § 2113(a) (Count One), Bank Robbery (by Burglary With
Intent to Commit Larceny), in violation of 18 U.S.C. § 2113(a) (Count Two), and Interference
With Commerce By Extortion, in violation of 18 U.S.C. § 1951(a) (Count Three). Your client
agrees to admit guilt and to enter a plea of guilty to Bank Robbery (by Extortion), in violation of
18 U.S.C. § 2113(a), as set forth in Count One of the indictment. Moreover, Ms. Moore hereby
admits the truthfulness of each of the facts set forth in the attached Factual Proffer, which she
will reaffirm at the time of her guilty plea in this case.

K.M.M.                    S.M.

2.    **Potential penalties, assessments, and restitution.**  Your client understands that pursuant to 18 U.S.C. § 2113(a), persons convicted of violations of Section 2113(a) are subject to fines (as set forth in the statute), or imprisonment for not more than twenty (20) years, or both. Additionally, your client understands she could be ordered, under 18 U.S.C. § 3571(3), to pay a maximum fine of $250,000.  Further, she is subject to a maximum period of supervised release of not more than three years. *See* 18 U.S.C. §§ 3583(b)(2) & 3559(a)(3).  In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court. *See* 18 U.S.C. § 3013(a)(2)(A).  Your client understands that, pursuant to Section 5E1.2 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court may impose a fine sufficient to pay the federal government the costs of any imprisonment.  Your client further understands that the sentence in this case will be determined by the Court, in accordance with 18 U.S.C. § 2113(a), guided by the factors listed in 18 U.S.C. § 3553(a), and after considering the United States Sentencing Guidelines. *See* 18 U.S.C. § 3553(b).  In this regard, your client understands that the United States Sentencing Guidelines are advisory to the Court in determining the appropriate sentence.

3.    **Release/Detention pending sentencing**.  Your client objects to pretrial detention, pursuant to 18 U.S.C. § 3143, pending sentencing in this case.  The Government notes that Ms. Moore is currently serving a sentence of 180 days in another matter.

4.    **Waiver of constitutional and statutory rights.**  Ms. Moore understands that by pleading guilty in this case, she agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to maintain a plea of not guilty; and the right to a jury trial.  At a jury trial, Ms. Moore would have the right to be represented by counsel, to confront and cross-examine witnesses against her, to compel witnesses to appear to testify and present other evidence on her behalf, and to choose whether or not to testify.  If your client chose not to testify at a jury trial, she would have the right to have the jury instructed that her failure to testify could not be held against her.  Ms. Moore would further have the right to have the jury instructed that she is presumed innocent until proven guilty, and that the burden would be on the United States to prove her guilt beyond a reasonable doubt.  If your client was found guilty after a trial, she would have the right to appeal the conviction.

Ms. Moore understands that the Fifth Amendment of the Constitution of the United States protects her from being compelled to incriminate herself and/or to make self-incriminating statements in a criminal prosecution.  By entering this Agreement and by agreeing to plead guilty, your client knowingly and voluntarily waives and gives up this right against self-incrimination.

Your client also understands that as part of the entry of her guilty plea, she specifically waives any rights to a speedy trial and/or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

K.M.M.          S.M.

5.    **Sentencing Guidelines.**  Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G").  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this Agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the Agreement.

A.  *Offense Level under the Guidelines.*  The parties to this Agreement agree that, pursuant to 18 U.S.C. § 2113(a), the crime of Bank Robbery (by Extortion), provides for a term of imprisonment of up to twenty (20) years in prison.  Under the Sentencing Guidelines, the parties agree that the Sentencing Guideline applicable to the offense for which your client is pleading guilty is USSG § 2B3.2 ("Extortion by Force or Threat of Injury or Serious Damage").  In this regard, the parties agree that Ms. Moore's Extortion at and of the SunTrust Bank as set forth in the indictment and Factual Proffer (attached hereto) has a Base Offense Level of 18.[1]  In accordance with USSG § 2B3.2(b)(1), a two level enhancement should be added, because Ms. Moore's offense involved an express threat of death, bodily injury, and kidnapping.  The parties agree that no victim-related adjustments are appropriate, nor should there be any adjustments for Ms. Moore's role in the conspiracy in which she participated.  The parties agree that Ms. Moore's Adjusted Offense Level should be 20.

B.  *Adjustment for Acceptance of Responsibility.*  The parties agree that a reduction of two points for Acceptance of Responsibility is appropriate in this case.  *See* USSG § 3E1.1(a).

C.  *Total Offense Level.*  The parties agree that Ms. Moore's Total Offense Level should be 18.

K M.M                    S M
─────────                ─────────
K.M.M.                   S.M.

─────────────────────────

[1]  The parties agree that the Guidelines for "Extortion," rather than "Robbery," ought to apply to Ms. Moore's conduct made the basis of this Agreement.  However, in the event that the Guidelines for Robbery were applied, the parties agree that (1) the Base Offense Level for Robbery is 20, *see* Section 2B3.1(a); and (2) because a financial institution was the object of the offense, an additional 2 points are added.  *See* Section 2B3.1(b)(1).  Hence, Ms. Moore's Adjusted Offense Level for Robbery would be 22.

3

**D.** *Guideline Departures.* The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

6. **Agreement as to Sentencing Allocution**. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced.

7. **Court Not Bound by the Plea Agreement**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

8. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Agreement.

Finally, Ms. Moore is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. Your client is aware that the parties' calculation of the sentencing ranges under the U.S. Sentencing Guidelines is not a promise of the sentences to be imposed on her and are not binding on the Court. Your client reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her.

*K.M.M.*
K.M.M.

*S.M.*
S.M.

4

9. **Government Concessions**. In exchange for Ms. Moore's guilty plea as set forth herein, the Government agrees not to bring other or further charges against Ms. Moore for her conduct at the SunTrust Bank on September 28, 2007, and will not to oppose a 2-level adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), (b).

10. **Reservation of allocution.** Ms. Moore understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this Agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Ms. Moore also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, if in this Agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

The Government and your client agree, in accordance with USSG § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing of this case any self-incriminating information provided by your client pursuant to this Agreement or during the course of any debriefing conducted in anticipation of this Agreement and/or following its execution, regardless of whether or not those debriefings were previously covered by an "off the record" agreement by the parties.

11. **Breach of agreement.** Your client understands and agrees that if she fails specifically to perform or to fulfill completely each and every one of her obligations under this Agreement, or commits any further crimes, she will have breached this Agreement. In the event of such a breach, (a) the United States will be free from it obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including, but not limited to perjury and obstruction of justice, if applicable; and (d) the United States will be free to use against Ms. Moore, directly and indirectly, in any criminal or civil proceeding all statements made by her and any of the information and/or materials provided by her, including such statements, information and materials provided during the course of any debriefings conducted in anticipation, or after entry, of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. Pro. 11.

K. M. M.
K.M.M.

S M
S.M.

Ms. Moore acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, Ms. Moore understands and agrees that any statements which are made in the course of her guilty plea and/or in connection with any debriefing of her will be admissible against your client for any purpose in any criminal and/or civil proceeding if she breaches this Agreement and/or her guilty plea is subsequently withdrawn. Moreover, in the event Ms. Moore's guilty plea is withdrawn, she agrees that the United States will be free to use against your client in any criminal and/or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Ms. Moore understands and agrees that the United States shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit Ms. Moore to commit perjury, to make any false statements or declarations, to obstruct justice, or to protect her from prosecution for any crimes not included within this Agreement or committed by her after the execution of this Agreement. Ms. Moore understands and agrees that the United States reserves the right to prosecute her for any such offenses. Ms. Moore further understands that any perjury, false statements or declarations, or obstruction of justice relating to her obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Ms. Moore will not be allowed to withdraw this guilty plea.

12. **Prosecution by other agencies/jurisdictions.** This Agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, Bureau of Immigration and Customs Enforcement; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Similarly, this Agreement does not bind any foreign government.

K. M.M.            S.M.
K.M.M.            S.M.

13. **Legal Status in the United States.** Your client indicates she is a citizen of the United States by birth. Your client acknowledges that, were she not a United States citizen, the guilty plea in this case would or might have subjected your client to detention, deportation, and/or other sanctions at the direction of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, or otherwise.

14. **No other agreements.** Ms. Moore represents, warrants and agrees that no prior and/or contemporaneous agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement. Ms. Moore further represents, warrants, and agrees that no future agreements, promises, understandings, and/or representations by and/or between the parties will be valid and/or enforceable unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, and (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

If Ms. Moore agrees to the conditions set forth in this letter, both she and you should sign the original in the spaces provided below, initial every page of this Agreement, and return the executed Agreement to us. The original of this Agreement will be filed with the Court.

Sincerely,

JEFFREY A. TAYLOR (D.C. Bar # 498610)
United States Attorney

BRUCE R. HEGYI (D.C. Bar #422741)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W., Room 4848
Washington, D.C. 20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov

Attachment (Factual Proffer)

_____        _____
K.M.M.                      S.M.

13. **Legal Status in the United States.**  Your client indicates she is a citizen of the United States by birth.  Your client acknowledges that, were she not a United States citizen, the guilty plea in this case would or might have subjected your client to detention, deportation, and/or other sanctions at the direction of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, or otherwise.

14. **No other agreements.**  Ms. Moore represents, warrants and agrees that no prior and/or contemporaneous agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement.  Ms. Moore further represents, warrants, and agrees that no future agreements, promises, understandings, and/or representations by and/or between the parties will be valid and/or enforceable unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, and (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

If Ms. Moore agrees to the conditions set forth in this letter, both she and you should sign the original in the spaces provided below, initial every page of this Agreement, and return the executed Agreement to us.  The original of this Agreement will be filed with the Court.

Sincerely,

_____
JEFFREY A. TAYLOR (D.C. Bar # 498610)
United States Attorney


_____
BRUCE R. HEGYI (D.C. Bar #422741)
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W., Room 4848
Washington, D.C. 20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov

Attachment (Factual Proffer)

_K.M.M_          _SM_
K.M.M.           S.M.

7

## DEFENDANT'S ACCEPTANCE OF GUILTY PLEA AGREEMENT

I have read each of the pages constituting this plea agreement ("Agreement") and I have reviewed them with my attorney, Shawn Moore, Esq. I fully understand this Agreement and agree to it. I do this voluntarily and of my own free will. No threats have been made against me to make me enter into this Agreement. I am not under the influence of any medication, drug, alcohol, or anything else that could prevent or impede me from understanding fully this Agreement.

Absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am fully satisfied with the legal services provided by my attorney in connection with this Agreement and all matters relating to it. I am entering this Agreement because I am guilty of the crimes to which I am pleading guilty.

12 / 18 / 07
Date

KRISSANDRA MELISSA MOORE
Defendant


## ATTORNEY'S ACKNOWLEDGMENT


I have read each of the pages constituting this plea agreement ("Agreement"), reviewed it with my client, and discussed fully the provisions of the agreement with her. These pages accurately and completely set for the entire Agreement. To my knowledge, my client's decision to plead guilty has been made knowingly and voluntarily.


December 18, 2007
Date

SHAWN MOORE, Esquire
Counsel for Defendant

8