FILED
APR 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Crim. Action No. 07-0312 (JR) |
| KRISSANDRA MELISSA MOORE, | : |
| Defendant. | : |

**MEMORANDUM**

Although the non-Guidelines sentence of Krissandra Moore was essentially uncontested, this memorandum explains the reasons for that sentence and the exercise of discretion involved. Moore's Guideline range was 41-51 months, but numerous factors recommended a finding that 25 months was sufficient, and that anything more would be "greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a).

The "history and characteristics of the defendant" warranted careful consideration. See § 3553(a)(1). As noted in open court:

> This defendant presents to my mind at least an especially difficult and tragic life picture. She was abused as a child, she was placed in Child Protective Services, then foster care, for sometime thereafter homeless. She had her first child at the age of 15, she has [a serious illness], she has an IQ of 59. She has reported to the probation officer other facts that . . . indicate the presence or potential of serious mental health issues. She is in need of mental health treatment, she's in need of drug programming, she's in need of [medical treatment].

The facts of Moore's particular offense were also important. The proffer in her plea agreement recited a bizarre set of facts that arguably, if uncomfortably, fit the elements of the offense to which she pleaded guilty. She admitted that she agreed with two accomplices that she would tell a bank employee that her infant daughter had been kidnaped and that the abductors had threatened to kill the child unless she was able to produce $60,000. When Moore did not immediately emerge from the bank with the money after performing her part of the plan, the putative kidnaper telephoned the bank, threatening to kill the child. On these facts, Moore entered a plea of guilty to bank robbery. 18 U.S.C. § 2113(a). No force was used, there was no evidence that anyone was intimidated, and nobody in the bank was threatened with bodily harm.

Application of the Guidelines to these facts was complicated. The Probation Office used U.S.S.G. § 2B3.1 for robbery and calculated an offense level of 22 by adding the base offense level of 20 and a 2-point enhancement for an offense against a financial institution. The parties stipulated in the plea agreement, however, that the correct provision was U.S.S.G. § 2B3.2, for extortion by threat of injury, and calculated an offense level of 20 by adding the base offense level of 18 and a 2-point enhancement for threat of death or kidnaping. Again, the parties' arguments did not fit the facts comfortably. It would

have been more appropriate, if writing on a clean slate, to regard the defendant's utterly false threat of violence against a person unrelated to any of the bank employees as an attempt to take $60,000 from the bank by false pretenses – an offense criminalized by 18 U.S.C. § 1344 and subject to an offense level of 13 under U.S.S.G. § 2B1.1. All of these levels would be subject to a 2-point reduction for acceptance of responsibility.

These considerations informed my view of how best to evaluate the "seriousness of the offense," as § 3553(a)(2)(A) requires. I acknowledged that U.S.S.G. § 2B1.1, for bank fraud, fit my sense of the criminality of the offense, although it failed to capture the distinction between false pretenses involving violence and false pretenses involving, say, a bad check. I thus added the 2-point enhancement for threats of death or bodily injury found at U.S.S.G. § 2B3.2(b)(1) and stipulated to in the plea agreement. Together with Moore's reduction for acceptance of responsibility, this yielded an offense level of 13 that led to a guideline range of 18-24 months given Moore's criminal history. The 25-month sentence imposed was informed, *in part*, by this quasi-Guidelines calculation and by the fact that this crime was indeed more than mere bank fraud.

To be clear, the finding at sentencing was that the Probation Office had applied the correct Guideline for bank robbery in calculating the range of 41-51 months, and, as

required by Booker, this was the starting point in conducting the analysis of the factors set forth in § 3553(a). The non-Guideline sentence was justified because of the defendant's personal circumstances and because the unique facts of the crime required an adjustment for "the seriousness of the offense" and its "just punishment." In the exercise of my discretion to fashion a "sufficient" sentence, I considered not only my own view of what would be a reasonable term, but the reasons – embodied in the various Guidelines relevant to this case – why the Sentencing Commission considers certain offenses more serious than others.

                                                                    /s/
                                      JAMES ROBERTSON
                              United States District Judge